IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV475-03-W
(3:04CR255-1)

| | |
|---|---|
| ALBERTO SANMIGUEL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed October 16, 2008. No response is necessary from the Government.

### I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S. C. §2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

1

The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On January 23, 2006, the Petitioner and five others were charged in a three-count superseding bill of indictment with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846; possession with intent to distribute 1000 kilograms or more of marijuana on March 6, 2003 in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and possession with intent to distribute a detectable amount of marijuana on February 23, 2004 in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On May 16, 2006, Petitioner entered a straight up guilty plea to the Superseding Indictment. Petitioner appeared with counsel before the undersigned for a Plea and Rule 11 Hearing. At that hearing, the undersigned placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. The undersigned specifically asked Petitioner if he had reviewed his indictment and if he understood the charges and its corresponding penalties. Under oath, Petitioner stated that he had reviewed the charges with counsel and understood them, the essential elements and the maximum penalties he was facing. (Transcript of Plea and Rule 11 Hearing 8-21.) Further the undersigned asked Petitioner if he had discussed his right to appeal and if he understood that by pleading guilty he would be waiving his right to trial by jury and all rights attendant thereto. Again, under oath, Petitioner stated that he understood and accepted those limitations and wanted to plead guilty. (Id. at 26-28.)

In response to additional questioning by the Court, Petitioner stated, under oath, that he had taken ample time to discuss possible defenses with his attorney and had told counsel

2

everything he wanted him to know about his case; that he understood that if he received a sentence which was more severe that he expected or if the Court did not accept any sentencing recommendations, he would still be bound by his guilty plea; that his guilty plea was voluntarily made and was not the result of coercion, threats or promises; that he was, in fact, guilty of the subject charge; and that he was entirely satisfied with the services of his attorney. (Id. at 23-24, 29-31.) After hearing Petitioner's answers to each of its questions, the undersigned found that his guilty plea was knowingly and voluntarily entered and made and that he understood the charges, penalties and consequences of the plea. Accordingly, the Court accepted Petitioner's plea. (Id. at 33.)

On February 12, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which he stipulated that there was a factual basis to support his guilty plea. (Transcript of Sentencing Hearing 7-8.) In addition, the Court confirmed that counsel reviewed the presentence report ("PSR" hereafter) with Petitioner. (Id. at 9.) Counsel affirmed that he went over the report with Petitioner in person with the aid of an interpreter and over the phone during a conference call also with the aid of an interpreter. (Id.) After reviewing the PSR with counsel, Petitioner sent counsel a letter outlining his objections to the PSR. Counsel made Petitioner's objections known to the Court during Sentencing. Specifically, Petitioner objected to the drug amounts in the PSR and the enhancement for his role in the conspiracy. The Court heard testimony from Petitioner and Special Agent James Bryant. (Id. 13-35 and 35-57.) The Court then heard argument from the attorneys. (Id. 58-64.) Petitioner's counsel argued that the evidence did not support an enhancement based upon Petitioner's role as manager and the only amount of drugs that was supported by the evidence was 31 pounds of marijuana. (Id. at 59.)

3

The Court then specifically found the testimony of Special Agent Bryant more credible than that of Petitioner and found that the preponderance of the evidence established that Petitioner was a leader and organizer and that the quantity involved 1000 kilograms or more of marijuana. The Court sentenced Petitioner at the low end of the Guidelines to 151 months on each of counts one and two and 60 months on count three, all running concurrently. (Id. at 67-8.)

Petitioner filed a notice of appeal on February 14, 2007. On appeal, Petitioner challenged the enhancement he received pursuant to § 3B1.1(a) of the Sentencing Guidelines. On October 11, 2007, the Fourth Circuit issued an unpublished decision affirming Petitioner's conviction and sentence.

On October 14, 2008, Petitioner filed the instant Motion to Vacate challenging the voluntariness of his plea and alleging that his counsel was ineffective because: (1) he pressured Petitioner into pleading guilty; (2) there was no evidence to support that he was involved with any amount of drugs; and (3) the few times counsel did visit him, he was disrespectful and abusive in the way he spoke to Petitioner.

### III. DISCUSSION

**A.     Petitioner's Claim Challenging the Voluntariness of his Plea is Barred**

In his first claim, Petitioner contends that his guilty plea was not made voluntarily or with an understanding of the consequences of the plea. Petitioner did not raise this issue in his appeal to the Fourth Circuit Court of Appeals. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of

4

constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[1] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise these claims on direct appeal. Therefore, Petitioner's claim regarding the voluntariness of his plea is procedurally barred.[2]

**B. Petitioner's claims of ineffective assistance of counsel are baseless.**

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective

---

[1] Petitioner makes no claim of actual innocence.

[2] However, even if these claims were not barred, they are belied by the record which establishes that the Court reviewed the elements of each count of the Superseding Indictment with Petitioner. The Court then thoroughly questioned Petitioner regarding his understanding of the rights he was waiving by pleading guilty, including his right to go to trial and all the rights attendant thereto.

5

standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra)**.** Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields**,** 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977));  accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

By his motion, Petitioner first alleges that his counsel was ineffective because he pressured him into pleading guilty. (Motion to Vacate at 5.) The record of Petitioner's Plea and Rule 11 Hearing belies Petitioner's allegation that his counsel pressured him into pleading guilty. Indeed, the undersigned specifically inquired of Petitioner whether "anyone connected with the federal or state government, such as an agent of the Federal Bureau of Investigation, the State Bureau of Investigation, the United States Attorney or any of her assistants, the US Marshal or any of his deputies, or any other official in any manner threatened [him] or anyone [he] know[s] or forced [him] in any way to cause [him] to plead guilty?" (Transcript of Plea and Rule 11 Hearing at 29-30.) Petitioner responded, "[n]o, your honor." The undersigned then asked Petitioner whether "anyone at all threatened or intimidated [him] or anyone [he] know in any way to cause [him] to enter [his] plea of guilty?" Again, Petitioner responded, "[n]o sir, your honor." The Court then asked Petitioner whether "anyone made [him] any promise or assurance in an effort to cause [him] to plead guilty?" Petitioner, once again, responded "[n]o, sir." After a series of questions, the Court asked Petitioner "[a]re you telling the court that your mind is clear

7

and you believe you know what you are doing?" Petitioner responded in the affirmative. The court asked Petitioner whether he had any lingering questions or comments to make about anything involved in the case and Petitioner responded that he did not. Finally, the Court asked Petitioner whether he had any hesitation about going forward with his guilty plea and Petitioner again responded that he did not. (Id.30 -32.)

A review of the Plea and Rule 11 Transcript establishes that the statements which Petitioner made to the Court stand in stark conflict with his belated, self-serving allegation that counsel pressured him into pleading guilty. Petitioner is bound by the statements he made at the Plea and Rule 11 hearing and those statements cannot be set aside merely on the basis of his post-judgment assertions to the contrary. Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack. Blackledge, 431 U.S. at 73-74. In sum, the Court finds that Petitioner has failed to satisfy either prong of the Strickland test and, therefore, his claim of ineffective assistance of counsel must fail.

Next, Petitioner contends that the his counsel was ineffective because he told counsel that he was not guilty and wanted to go to trial. This claim is closely tied to Petitioner's claim that his counsel pressured him into pleading guilty. Once again, the record does not support Petitioner's claim. In fact, the undersigned specifically asked Petitioner whether he understood that by pleading guilty, he was giving up his right to trial by jury. Petitioner stated that he did understand that he was waiving this right. The Court followed up and asked Petitioner whether he was entering a guilty plea because he was, in fact, guilty of the crimes charged. Petitioner indicated that he was guilty of the crimes charged. (Transcript of Plea and Rule 11 Hearing at 27-28.)

Once again, the Court finds that Petitioner has failed to satisfy either prong of the Strickland test and, therefore, his claim of ineffective assistance of counsel must fail.

As his last claim for relief, Petitioner contends that his counsel was ineffective because he was disrespectful in the way he spoke to Petitioner. Even if one assumes Petitioner's counsel spoke to Petitioner in a disrespectful manner, such a fact does not make out a claim for ineffective assistance of counsel. Moreover, Petitioner's belated contention is belied by his statement under oath at the Plea and Rule 11 Hearing that he was entirely satisfied with counsel's services. In any event, taking Petitioner's allegation as true, Petitioner's claim does not satisfy either prong of the Strickland test and therefore must fail.

## IV. CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence plainly shows that Petitioner is not entitled to relief on any of the claims contained in his Motion to Vacate.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant 28 U.S.C. §2255 is hereby **DENIED** and is dismissed.

**SO ORDERED**.

Signed: November 3, 2008

Richard L. Voorhees
United States District Judge